Judge Marshall
delivered the Opinion of the Court.
This action of assumpsit was brought by Bradshaw and Taylor against Wallace, Lambeth and Pope, on the alleged promise of the latter to sell, and to pay to the plaintiffs and account for the proceeds of two hundred *383 and eleven barrels of pork, and one barrel of peach brandy, the property of the plaintiffs, received by the defendants, as commission merchants in New Orleans.
Facts proved.
Instructions-not erroneous: viz: if the defendants, commission merchants at N. Orleans, to whom the pltfs consigned goods for sale, did not sell them in a reasonable time, & at the current prices; or,if they shipped them without orders— in the absence of any proof of a custom so to ship, they were liable for the amount for which the goods might have been sold.
On the trial, under the general issue, it appeared that the pork and brandy were received by the defendants in January, 1831; but in April of that year, they advanced to the plaintiffs, on the faith of these gobds, the sum of twelve hundred dollars, there being previously a balance against the plaintiffs of fifty four dollars eighty three cents; that, in the fall of 1831, a letter from the plaintiffs, addressed to the defendants at New Orleans, was put in the mail at Shelbyville, in this State-, directing the defendants to sell immediately, in Ngw Orleans, for the best price that could be obtained; that,in the following winter, an agent sent by the plaintiffs to New Orleans, to settle with the defendants and receive the proceeds, was informed by them, that they had shipped the goods to Havana-, and had received no return of sales; but when this was done, or whether they had received the letter above referred . to, does not expressly appear.— The agent made no settlement of the account.
Upon .these facts, and on evidence conducing to prove the price that might have been obtained for the pork and brandy in the city of New Orleans, in the years 1831, and 1832,-the Court, at the instance of the plaintiffs, instructed the judge, in substance, that, If the defendants did not sell the articles at New Orleans, within a reasonable time after they were received.,, and for the current market price, or if they shipped' them without directions, to do so, they should find for the plaintiffs, damages equal to the difference between' such price as the goods might, in a reasonable time, have been sold for in New Orleans, and the sum of the advances made to them as above, allowing also commissions and storage.
The jury found a verdict for the plaintiffs for ‡-■; on which judgment was rendered for the same sum, and the Court having overruled the motion of the defendants for a new trial, based upon the alleged error of the Court in the instructions given, and also in the admission, and rejection or exclusion of evidence, the defendants prosecute a writ of error - for the reversal of the judgment.
The customs of trade in a. particular place, in subordination to the general law, universal, continued, and in other respects good customs— constitute a part of the law of the place: so, in assumpsit, by merchants of Ken. vs. commission merchants oí N. Orleans, for the proceeds or value of goods consigned to them for sale,on which they had made advances, and as to which there was no special agreement, it is held that, it was competentforthe def’ts to prove that it was the custom of that city, for merchants who had made advances on goods consigned to them from other states, to ship them to foreign ports for sale; andby such proof, to affect the amount of recovery, or defeat the action.
Upon the evidence which was before the jury, as above detailed, we see no objection to the instruction-given, either as it regards the right of the plaintiffs to recover, or the criterion of damages to which they were entitled, if they had a right to recover. In saying which,, we assume that, in referring to the current pz'ice for which the article's in question should have been sold, and with which the defendants were to be charged, the Court intended and was understood to refer to the current price of articles of the same quality as those which 'they had z-eceived, and were to sell for the plaintiffs.
But in the progress of the trial, the defendants had made an effort to prove that, by the custom and usage among commission merchants at New Orleans, a commission merchant who had made adv&nces on goods consigned, to him from another State, had a right to ship them to another market for sale; but the Couz’t, at the instance of the plaintiffs’ counsel, declared that no evidence going to show the custom of commission mez’chants at New Orleans, should go to the jury. And as such evidence, if admissible, might have had an important influence, not ozily on the criterion of damages, but on the right of the plaintiffs to any damages, the erroneous exclusion of it must be deemed to have been prejudicial to the defendants.
We are of opinion that the custom of commission merchants at New Ozdeans might have been proved,in this case. There was no proof whatever, of any special undertaking by the defendants to sell the goods of the plaintiffs at New Orleans; nor was thez-e any evidence .of azzy contract but such as is implied from the receipt of the goods at New Orleazzs, for sale and account, by the defendants as commission mez’chants of that city, and from their subsequent advance to the-plaintiffs, upon the consignment. And it seems entirely obvious, upon well settled principles, that the z’ights and' duties arising from these facts, must be determined exclusively by the law of the place where they occurred. Of which law, the custom of the place among those engaged in the particular business, must be taken to be a part, and of course, may be proved in any action bi'ing *385 ing in question the nature of those rights and duties, and the performance or non-performance of them.
A party attempted to prove a custom by a witness, who was uninformed on the subject, and was about to call another to the same point, when the court, -at the instance of the other party, ‘told them the question was not pertinent and legal, and that no evidence of a custom should go to the jury,’ and the witness was not examined'— held that, tho’ the decision before the question was put to the witness, was pre mature, yet, as it had the same effect upon the rights of the party as if the question had been actually asked, and the answer ¡prohibited — the question of the admissibility of the proof was sufficiently presented, for the •revision of this ¡court.
*385 Such custom must, indeed, be in subordination to the general and more authoritative law of the country, or State in which the particular place is situated, and should have the qualities of universality, continuance &c. belonging to a good custom. It is not unreasonable, or unjust, that a commission merchant, receiving" goods on general consignment from a distant owner, and making advances therefor, should, in consideration _of the interest he has acquired in the goods, and for his own safety, be anthorized, under certain circumstances, at his discretion, and for the benefit of himself and the consignor, to ship the goods to a more advantageous market, or one which may in good faith be presumed to-be so; and especially when, as the evidence conduced to prove, a sale at New Orleans, might not have indemnified them for their advances. And, if such custom exists at New Orleans, it is to be presumed that persons consigning goods to that place have made themselves acquainted with -it, or, at any rate, that, in making a general consignment to a commission merchant there, they submit themselves to the reasonable usages of the place applicable to the subject. .
If the proof of the custom had been gone into in this case, of course, all its details, as to the consequent rights and hazards of the parties, might have been proved, and their legality and application to this case fully determined. But the Court, by declaring that no evidence of any custom on the subject, should go to the jury, has deprived the party of all benefit which he might have derived from any proof which he might have adduced on that point. And in the attitude in which the question as to this point is presented^ we are to presume that the defendants might have proved a custom or usage which would have had an important bearing on the questions in issue.
It is, indeed, said that the question as to the admissibility of this evidence, is not presented in such a shape as to be a proper subject for the adjudication of this Court, because it was not properly made in the Circuit *386 Court. The bill of exceptions states, that the question as to the custom having been asked of one witness, who answered that he knew nothing of the course of business at New Orleans in this particular, and the defendants being about to call other witnesses with a view to ask the same question, “ the Court told them that the question was not pertinent and legal, and no evidence as to the custom of commission merchants at New Orleans, should go to the jury;” and that this declaration of the Court was at the instance of the plaintiffs’ counsel.
Now, although it be true, that the opinion of the Court here indicated, was premature, and although the defendants certainly could not have called -upon the Court to decide upon the admissibility of -the evidence, until they had introduced the witness and propounded the question to him, yet as the Court actually decided, not only that the question which had been put to the witness was illegal, but that no evidence as to any custom &c. was admissible, the defendants were actually precluded from introducing any such; and this having been done at the instance of the plaintiffs, they cannot object, that the question was prematurely 'decided, or improperly made; and the defendants having been subjected to the same evil, are entitled to the same advantage as if they 'had actually introduced a witness and put the question calculated to bring out the evidence which was in fact objected to by the plaintiffs, and decided to be inadmissible by the Court. Nor can it be objected now, with any more propriety ’-than it could be if the witness had been actually interrogated, that we cannot know ■that ’the defendants could have made out the evidence which was declared to be inadmissible. But the case is to be considered as if such evidence had been offered and rejected.
Were it even conceded that such a custom as has been referred to, might have been controlled by the letter of the plaintiffs directing a sale at New Orleans, the letter could not have had that effect unless it had been received before the goods were shipped for another market; and the Court certainly had no right to assume as *387 the basis of excluding the custom, that it had:been so received. Neither had the Court a right to assume that the defendants might have been indemnified for their advances by a sale at New Orleans, if their-right to ship to another port was dependent on that fact. We are, therefore, of opinion that the Court erred in rejecting evidence in relation- to the custom of commission merchants at New Orleans, on the subject in question, and-that this error is sufficient ground of reversal..
Items of. an ac supportedby e°idence, that they are truly copied the creditor’s books,
When parties have agreed that a deposition may from refusing to exclude any part of it.
There was no error ill rejecting that part of the defendants’ account of which the witness had no know!edge, and which was proved in no other way, than by proof that it- was correctly copied from their books. Nor in refusing, toexclude a part of the deposition of one of the plaintiffs’ witnesses, as the parties had agreed that the deposition might be read without any reservat-ion of exceptions, and its effect, as evidence, so far as related either to the means- of knowledge referred to by the witness,, or to the application ofhis statement to the point in issue,, was therefore matter for.the consideration of the jury.
But for the error, bofore noticed, the judgment is reversed, and the cause remanded that a new trial may be had, on principles consistent with this opinion.